UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> MCEC, INC., a California corporation, <br><br> Defendant. | CASE NO.: CV 09-02848 SJO (AJWx) <br><br> DISCOVERY ASSIGNED TO MAGISTRATE JUDGE ANDREW J. WISTRICH <br><br> **PROTECTIVE ORDER** |

On August 28, 2009, Trustees of the Southern California IBEW-NECA Pension Plan, et al. ("Plaintiffs") served on non-party witness Los Angeles Unified School District ("LAUSD") a subpoena ("Subpoena") seeking production of documents. Among other documents identified in the Subpoena, Plaintiffs requested production of unredacted certified payroll records ("Unredacted CPRs") prepared by MCEC, Inc. ("Defendant"). A copy of the Subpoena is attached hereto as Exhibit "A" and is incorporated by reference herein.

The Unredacted CPRs contain Defendant's employees' names, addresses and social security numbers ("Identification Information"). Although this Identification Information is confidential in nature, Plaintiffs require this information in order to

239513.1

calculate fringe benefit contributions owed by Defendant to Plaintiffs, and to apply and allocate the appropriate fringe benefits to Defendant's employees.

IT IS HEREBY ORDERED, pursuant to the "Stipulation for Protective Order" entered into by and among Plaintiffs and the LAUSD, and good cause appearing therefore:

1. The LAUSD shall produce the Unredacted CPRs requested in the Subpoena within 30 days of the issuance of this Order.

2. Plaintiffs shall not furnish, show, disclose or otherwise disseminate the Unredacted CPRs to any person except to: (a) the Plaintiffs, their agents and employees; (b) counsel for Plaintiffs and office of personnel assisting counsel in the preparation and trial of this action; and (c) experts and consultants who are assisting said counsel in preparation and/or trial.  Plaintiffs shall require any person(s) identified in subparagraphs (a) through (c) to be bound to this Order.

3. The Unredacted CPRs may only be used for the purpose of calculating, collecting, allocating, and applying fringe benefit contributions allegedly owed by Defendant to Plaintiffs for the work performed by employees of Defendant.  The Unredacted CPRs may not be used for any other purpose by anyone, including those persons identified in Paragraph 2 herein.

4. The Unredacted CPRs produced pursuant to the Subpoena shall be maintained in the possession and control of Plaintiffs and Plaintiffs' counsel in such a manner that the information is not accessible to individuals not bound by this Order.

5. Unless the Court orders otherwise, Plaintiffs may only file the Unredacted CPRs with the Court after obtaining an order to seal pursuant to Local Rules 79-5.1 – 79-5.4.

6. Plaintiffs may redact the Unredacted CPRs by blocking out the Identification Information contained therein.  The redacted CPRs, containing no

Identification Information, may be provided to all third parties and may be filed with the Court without an order to seal.

7. In the event that Plaintiffs are ordered by a court or any state, federal or governmental unit to produce the Unredacted CPRs, they shall provide reasonable notice to LAUSD, through its counsel, of that court order or command, so as to allow LAUSD to file an appropriate opposition to such order or command.

8. The terms of this Order shall remain in full force and effect and shall not cease to be in effect because of the final adjudication of this litigation.

9. Upon resolution of this action in trial court, the Unredacted CPRs shall be held by Plaintiffs' counsel pending final resolution of this litigation by appeal or otherwise. Within six (6) months after such final resolution, the Unredacted CPRs shall be shredded by Plaintiffs' counsel. Plaintiff's' counsel shall give the LAUSD, through its counsel, notice when the Unredacted CPRs have been shredded.

DATED: 9/22/2009 _____

U. S. MAGISTRATE JUDGE